UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOSHUA R. SAVADO,

    Plaintiff,

    v.                                CAUSE NO. 3:23-CV-08-RLM-JPK

ST. JOSEPH COUNTY PD, et al.,

    Defendants.

OPINION AND ORDER

Joshua R. Savado, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. The court must screen the complaint and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Because Mr. Savado is proceeding without counsel, the court must give his allegations liberal construction. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Mr. Savado is a pretrial detainee at the St. Joseph County Jail.[1] He claims that South Bend Police Officers Briar Johnston and Dalton Stroupe arrested him on March 17, 2021. He claims that these "rogue and very unprofessional" officers used excessive force against him by "placing me in mechanical restraints." He further alleges that both officers "kidnapp[ed] me by moving me at least 3 feet while I was in mechanical restraints" and then transporting him to the St. Joseph County Jail. He claims the officers "plac[ed] me in unstable living conditions (Covid-19)" at the jail. He claims their actions caused him "mental anguish" and damaged his reputation. He seeks monetary damages "for every day of my incarceration up to the point that my case was dismissed in cause number 71D05-2103-CM-000767."

The public docket in the case Mr. Savado references reflects that he was arrested for domestic battery on March 18, 2021, and arraigned by a judge the following day. State v. Savado, No. 71D05-2103-CM-000767 (St. Joseph Sup. Ct. closed Mar. 10, 2022). He was released on his own recognizance in early April 2021, but a bench warrant was issued for his arrest after he failed to appear at a court hearing. *Id.* A month and a half later, he was arrested pursuant to the warrant. *Id.* The docket reflects that Mr. Savado could not be brought to court for his scheduled January 2022 trial because he was in COVID-19 isolation at the jail. *Id.* The trial was

---

[1] Public records reflect that Mr. Savado is being held pending trial on charges of intimidation and battery resulting in bodily injury. State v. Savado, No. 71D08-2210-F6-000876 (St. Joseph Sup. Ct. filed Oct. 13, 2022). These charges appear unrelated to the events giving rise to the complaint. The court is permitted to take judicial notice of public records at the pleading stage. See FED. R. EVID. 201; Tobey v. Chibucos, 890 F.3d 634, 647 (7th Cir. 2018).

2

rescheduled twice, and then in March 2022, the prosecutor moved to dismiss the charge without prejudice. *Id.* The motion was granted on March 10, 2022. *Id.*

The Fourth Amendment guarantees the "right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. The Fourth Amendment protects individuals from an arrest without probable cause. Dollard v. Whisenand, 946 F.3d 342, 353–354 (7th Cir. 2019). "Probable cause exists to arrest a suspect if at the time of arrest the facts and circumstances within the arresting officer's knowledge and of which he has reasonably trustworthy information would warrant a prudent person in believing that the suspect had committed or was committing an offense." *Id.* at 354 (citation omitted). An officer's right to arrest an individual includes the right to use a degree of physical force that is objectively reasonable in light of the totality of the circumstances. Graham v. Connor, 490 U.S. 386, 396 (1989). "Determining whether the force used to effect a particular seizure is reasonable under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id.* (citation and quotation marks omitted). Factors to consider include "the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.*

Mr. Savado is trying to assert false arrest and excessive force claims against the officers, but his complaint consists primarily of conclusory language. He does nt

include any factual allegations about the events leading to his arrest for the court to plausibly infer that the officers violated his Fourth Amendment rights by arresting him without probable cause or using excessive force against him. That the officers placed him in handcuffs and transported him to jail doesn't establish a Fourth Amendment violation. "[A] plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." Swanson v. Citibank, N.A., 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Mr. Savado might be trying to assert a claim about the conditions of his confinement at the jail, but he doesn't include any details about these conditions other than to mention COVID-19. The court can't plausibly infer from his mere reference to a disease that has impacted millions of people, both in and out of prison, that he was subjected to unconstitutional conditions during his pretrial detention. Nor is there a basis in the complaint to plausibly infer that the officers acted in an objectively reasonable fashion with respect to the conditions of his confinement, or that they were even aware of them. See Miranda v. Cty. of Lake, 900 F.3d 335, 352 (7th Cir. 2018) (pretrial detainee states claim regarding unlawful conditions of confinement by alleging that (1) the defendant "acted purposefully, knowingly, or perhaps even recklessly," and (2) the defendant's conduct was "objectively unreasonable."). Mr. Savado hasn't stated a plausible constitutional claim against the officers.

In addition to the police officers who arrested him, Mr. Savado also sues their employer the South Bend Police Department.[2] The police department isn't a person or a policy-making unit of government that can be sued for constitutional violations under § 1983. *See* McMillian v. Monroe County, 520 U.S. 781, 786 (1997) (local government liability under § 1983 "is dependent on an analysis of state law"); Sow v. Fortville Police Dep't, 636 F.3d 293, 300 (7th Cir. 2011) (municipal police departments in Indiana are not suable entities).

This complaint doesn't state a claim upon which relief can be granted. In the interest of justice, the court will give Mr. Savado a chance to amend his complaint if, after reviewing the court's order, he believes that he can state a plausible constitutional claim based on these events, consistent with the allegations he has already made under penalty of perjury. *See* Abu-Shawish v. United States, 898 F.3d 726, 738 (7th Cir. 2018); Luevano v. Wal-Mart, 722 F.3d 1014, 1024 (7th Cir. 2013).

For these reasons, the court:

(1) GRANTS the plaintiff until **February 17, 2023**, to file an amended complaint if he so chooses; and

(2) CAUTIONS him that if he does not respond by the February 17 deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim upon which relief can be granted.

---

[2] Mr. Savado mistakenly lists their employer as the "St. Joseph County PD" in the caption, but in the body of the complaint he makes clear the officers worked for the South Bend Police Department.

5

SO ORDERED on January 18, 2023

                                                s/ Robert L. Miller, Jr.
                                                JUDGE
                                                UNITED STATES DISTRICT COURT

6